```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

IVANHOE FINANCIAL, INC.,         :
                                 :   NO. 1:03-CV-00694
        Plaintiff,               :
                                 :   **ORDER**
                                 :
    v.                           :
                                 :
                                 :
RONALD TRESTER, et al.,          :
                                 :
        Defendants.              :

This matter is before the Court on the Motion for Leave to Withdraw as Counsel for Defendant First Service Title Agency, Inc. filed by Janik & Dorman, L.L.P. (doc. 74), the Plaintiff's Motion for Leave to Voluntarily Dismiss with Prejudice All Remaining Defendants (doc. 77), Defendant Zajac Appraisal Services, Inc.'s Motion for Leave to Voluntarily Dismiss Counterclaims Against Plaintiff (doc. 78), and Defendant Zajac Appraisal Services, Inc.'s Motion for Judgment on the Pleadings or Alternative Motion for Summary Judgment on Cross-Claim of First Service Title (doc. 79).  The Court held a hearing on Document 74 on March 16, 2006.  At this Hearing, the Court also discussed with the Parties the remaining pending Motions.

The Court notes as an initial matter that none of the pending Motions have been opposed.  The Court turns first to Janik & Dorman L.L.P.'s (hereinafter "Janik & Dorman") Motion to Withdraw (doc. 74).  Counsel was initially retained by Defendant First

Service Title Agency, Inc. (hereinafter "First Service") under the assumption that First Service had insurance coverage provided by Zurich American Insurance Company (hereinafter "Zurich") (doc. 74). However, Zurich filed a declaratory action in the Northern District of Ohio; the result of this action was an agreement between First Service and Zurich that the insurance policy in question was rescinded and that Zurich would not pay for the defense of First Service (Id.).

Subsequently, Janik & Dorman contacted First Service and indicated that they would be withdrawing their representation (Id.). Janik & Dorman inquired of First Service whether they would be substituting counsel (Id.). Janik & Dorman has not heard from First Service since this last inquiry (Id.). Consequently, Janik & Dorman request that their Motion be granted as First Service is unable to pay for the costs of representation and First Service has refused to communicate or cooperate with them (Id.). The Court finds the request of Janik & Dorman well-taken.

The Court turns next to Plaintiff's Motion for Leave to Voluntarily Dismiss with Prejudice All Remaining Defendants (doc. 77). Plaintiff makes this request pursuant to Rule 41 of the Federal Rules of Civil Procedure (doc. 77). The Plaintiff notes that it has resolved its claims against Zajac Appraisal Services, Inc. (hereinafter "Zajac") and that Zajac has filed its Motion to Dismiss its Counterclaim Against them (Id.). Furthermore, the

-2-

Plaintiff notes that Zajac has filed a Motion to Dismiss First Service Title's crossclaim (Id.).  Both of these motions, filed by Zajac, will be discussed next and will be granted by the Court.

Additionally, Plaintiff highlights that default judgment was entered against Defendant Premier Land Title Services; on May 3, 2005, Plaintiff and Defendant Fieler entered into a settlement and the Court dismissed with prejudice Plaintiff's claims against Defendant Fieler (doc. 77)  Lastly, as to Defendants Trester, Your Mortgage Solutions, LTD, and Seven Hills Financial Group, Plaintiff notes that the principals for these Defendants have all pleaded guilty to criminal charges stemming from the facts of this civil litigation and Zajac has settled with the Plaintiff (Id.).  As such, Plaintiff maintains that continuing this matter against the other Defendants (those who have pleaded guilty to criminal charges and/or are judgment proof) would not be fruitful (Id.).  The Court agrees.

The Court turns last to Zajac's two Motions.  First, Zajac moves the Court for Leave to Voluntarily Dismiss Counterclaims Against Plaintiff pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure (doc. 78).  Zajac, notes as has Plaintiff, that a settlement has been reached between itself and Plaintiff (Id.).  Thus, having amicably resolved all claims among themselves, Zajac contends that granting its motion is appropriate.  The Court likewise agrees.

The Court also finds Zajac's final motion, a Motion for Judgment on the Pleadings or Alternative Motion for Summary Judgment on Cross-Claim Against Service Title, well-taken (doc. 79). Zajac makes its Motion through both Rule 12(c) (<u>i.e.</u>, judgment on the pleadings) and 56(C) (<u>i.e.</u>, motion for summary judgment) of the Federal Rules of Civil Procedure (doc. 79). Zajac submits that since Plaintiff has moved for leave to voluntarily dismiss with prejudice all remaining claims against all remaining Defendants in this action, Defendant/Cross-Claimant First Service cannot be found to be liable for any damages to Plaintiff (<u>Id</u>.). Thus, concludes Zajac, First Service's cross-claim for indemnity and contribution against Zajac in case of such a finding of liability to the Plaintiff fails because there is no set facts under which First Service could be entitled to relief (<u>Id</u>.).

"The standard of review applicable to a motion for judgment on the pleadings under Rule 12(c) is the same <u>de</u> <u>novo</u> standard that is applicable to a motion to dismiss under Rule 12(b)(6). See <u>United Food and Commercial Workers Local 1099 v. City of Sidney</u>, 364 F.3d 738, 745 (6th Cir. 2004) <u>citing</u> <u>Ziegler v. IBP Hog Mkt.</u>, 249 F.3d 509, 11-12 (6th Cir. 2001). A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) requires the Court to determine whether a cognizable claim has been pleaded in the complaint. The basic federal pleading requirement is contained in Fed. R. Civ. P. 8(a), which states that, a pleading "shall contain

. . . a short and plain statement of the claim showing that the pleader is entitled to relief." Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). In its scrutiny of the complaint, the Court must construe all well-pleaded facts liberally in favor of the party opposing the motion. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1687 (1974). Rule 8(a)(2) operates to provide the defendant with "fair notice of what plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99 (1957). A court examines a complaint in light of the objectives of Rule 8 using the standard articulated in Jones v. Sherrill, 827 F.2d 1102, 1103 (6th Cir. 1987):

> In reviewing a dismissal under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint. Windsor v. The Tennessean, 719 F.2d 155, 158 (6th Cir. 1983), cert. denied, 469 U.S. 826 (1984). The motion to dismiss must be denied unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle her to relief. Id. at 158; Conley v. Gibson, 355 U.S. 41 (1957).

Jones, 824 F.2d at 1103.

The admonishment to liberally construe a plaintiff's claim when evaluating a Rule 12(b)(6) dismissal does not relieve a plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal conclusions (Wright, Miller & Cooper, Federal Practice and Procedure: § 1357 at 596 (1969)). "In practice, a complaint . . .

must contain either direct or inferential allegations respecting all of the material elements [in order] to sustain a recovery under some viable legal theory.  Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984), cert. denied, 470 U.S. 1054 (1985) (quoting In Re: Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir. 1981), cert. dismissed, 462 U.S. 1125 (1983); see also Sutliffe, Inc. v. Donovan Companies, Inc., 727 F.2d 648, 654 (7th Cir. 1984); Wright, Miller & Cooper, Federal Practice and Procedure: § 1216 at 121-23 (1969).  The United States Court of Appeals for the Sixth Circuit clarified the threshold set for a Rule 12(b)(6) dismissal:

> [W]e are not holding the pleader to an impossibly high standard; we recognize the policies behind Rule 8 and the concept of notice pleading.  A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim.  But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.

Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988).

First Service seeks to recover from Zajac only "If Cross-Claimant First Service Title is found to be liable for any damages to Plaintiff" (doc. 43).  Because of Plaintiff's Motion to Voluntarily Dismiss with Prejudice All Claims Against Remaining Defendants, which the Court has granted, First Service cannot be found liable for any damages to Plaintiff.  Consequently, no set of

facts exist upon which First Service could state a claim for indemnity and contribution against Zajac.

In conclusion, the Court GRANTS Janik & Dorman's Motion to Withdraw (doc. 74); GRANTS Plaintiff's Motion for Leave to Voluntarily Dismiss with Prejudice All Remaining Defendants (doc. 77); GRANTS Zajac's Motion for Leave to Voluntarily Dismiss Counterclaims Against Plaintiff (doc. 78); and GRANTS Zajac's Motion for Judgment on the Pleadings on Cross-Claim of First Service (doc. 79). Accordingly, this Matter is hereby DISMISSED from the Court's docket and any other pending Motions are MOOT.

SO ORDERED.


Dated: March 28, 2006            /s/ S. Arthur Spiegel            

                                 S. Arthur Spiegel
                                 United States Senior District Judge